IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXIS WILLIAMS<br>1014 Station Square Blvd.<br>Lansdale, PA 19464 | : CIVIL ACTION<br>:<br>: |
| Plaintiff, | : No.:<br>: |
| v. | :<br>: |
| GREENE, TWEED & CO., INC.<br>d/b/a GREENE TWEED<br>1684 South Broad Street<br>P.O. Box 1307<br>Lansdale, PA 19466 | : JURY TRIAL DEMANDED<br>:<br>:<br>:<br>: |
| Defendant. | : |

**CIVIL ACTION COMPLAINT**

Alexis Williams (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Greene, Tweed & Co., Inc. d/b/a Greene Tweed (*hereinafter* referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Pennsylvania Human Relations Act ("PHRA"), the Pennsylvania Medical Marijuana Act ("MMA" - 35 P.S. §§ 10231.101, *et seq.*), Pennsylvania common law, and the Pennsylvania Wage Payment and Collection Law ("PWPCL").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from the date of dual filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under the ADA. Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA.

1

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) an (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under the ADA (in part) after properly exhausting all administrative remedies with respect to such claims by timely filing Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual with an address set forth in the caption.

8. Defendant is a corporation that designs, develops, manufactures, and supplies thermoplastics, elastomers, composites, and engineered components throughout the United States (including Pennsylvania). Defendant is headquartered at the above-captioned address.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted, at all times relevant herein, in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. On or about August 15, 2022, Plaintiff began her employment with Defendant in the Secondary Operator position on the first shift.

12. In or about the week of September 3, 2022, after approximately three (3) weeks working for Defendant, Plaintiff was moved to the third shift (10:45 p.m. to 7:00 a.m.).

13. At all times relevant herein, Plaintiff was directly supervised by Supervisor, George Landes (*hereinafter* "Landes") and Team Lead, Tina (last name unknown – *hereinafter* "Tina").

### Plaintiff's Unpaid Wages

14. Plaintiff worked full time, approximately forty (40) hours per week, for Defendant.

15. Pursuant to Defendant's policies and/or practice, third shift employees received a $1.25 per hour pay differential.

16. However, Defendant failed to pay Plaintiff any type of pay differential from in or about the week of September 3, 2022, until her unlawful, on or about October 6, 2023 after she was placed on the third shift.

17. Plaintiff did not receive pay for the aforesaid work performed – amounting to approximately $200.00 in unpaid wages.

**Plaintiff's Disabilities and Medical Marijuana Cardholder Status and Retaliation Thereof**

18. Plaintiff has and continues to suffer from ADA-qualifying disabilities, including but not limited to, anxiety, panic attacks, and depression (and associated complications).

19. As a result of her aforesaid disabilities, Plaintiff is limited in her ability (at times) to perform some daily life activities, including but not limited to, sleeping, eating, and breathing.

20. Despite her aforesaid health conditions and limitations, Plaintiff was able to perform the duties of her job well with Defendant.

21. Prior to her employment with Defendant, in or about 2020, Plaintiff was prescribed medical marijuana to help treat and care for her disabilities.

22. Anxiety, panic attacks, and depression are considered "serious medical conditions" under Pennsylvania's MMA. *See* 35 P.S. § 10231.103.

23. Plaintiff was thus certified as a qualifying "patient" under the MMA, and at the time of her employment with Defendant (discussed further *infra*), she possessed a valid medical marijuana identification card. *See* 35 P.S. § 10231.501.

24. Plaintiff disclosed her medical marijuana cardholder status to Defendant's recruitment consultant, Artur Zholdaskaliyev (*hereinafter* "Zholdaskaliyev").

25. In response thereto, Zholdaskaliyev informed Plaintiff that her medical marijuana cardholder status would not be an issue for Defendant.

26. Shortly following her hire, in or about early-August of 2022, Defendant required Plaintiff to submit for a drug test.

4

27. Plaintiff's drug screening came back with a positive result for marijuana in or about early-September 2022.

28. In an effort to be transparent with Defendant, in or about early-September 2022, Plaintiff informed Senior Human Resources ("HR") Generalist, Lia Grauch (*hereinafter* "Grauch") that she held a medical marijuana card.

29. Upon disclosing her aforesaid medical marijuana cardholder status (discussed ¶ 28), Plaintiff explicitly informed Grauch that she suffered from (and continues to suffer from) disabilities, including panic attacks and anxiety.

30. After learning of Plaintiff's disabilities and medical marijuana cardholder status, Grauch informed Plaintiff that despite her medical marijuana cardholder status, she was required to submit for a second drug test.

31. As evidence of discriminatory animus towards Plaintiff based on her disabilities and medical marijuana cardholder status, Grauch instructed Plaintiff to make sure her results were negative.

32. Plaintiff reiterated her concerns in providing a negative drug test as she was **legally permitted** to utilize prescribed marijuana to treat her disabilities; however, Grauch dismissed Plaintiff's concerns and subjected her to a second drug test (discussed further *infra*).

33. After the aforesaid conversation (discussed *supra*), on or about September 16, 2022, Grauch emailed Plaintiff she was "not able to locate [Plaintiff's] card" and sought a "photo" of Plaintiff's medical marijuana card.

34. In response to Grauch's email (discussed *supra*), Plaintiff promptly provided Grauch with her medical marijuana card.

35. After Plaintiff provided Grauch with her medical marijuana card photo, on or about September 23, 2023, HireRight emailed Plaintiff stating: "a third-party administration that has been contracted by Greene Tweed & Co. (HR) to arrange **all** the details of your drug and health screening."

36. Therefore, Defendant chose to subject Plaintiff to a second drug test after disclosing her medical marijuana card-holder status and her aforesaid disabilities.

37. Per HireRight's email, Plaintiff was assigned to test at "QTX" (Quest Diagnostic Lansdale), and the email further stated: "You must report to the collection site before your registration expires on October 7, 2022."

38. Almost immediately after receiving the HireRight email on or about September 23, 2022, Plaintiff contacted Defendant's drug testing site in order to schedule her second drug test.

39. Defendant's drug testing site was not accepting walk-in appointments and informed Plaintiff they were short staffed. As a result, Plaintiff scheduled her second drug test for the next available appointment, which was on or about October 3, 2022.

40. In accordance with Defendant's instructions, Plaintiff submitted to a second drug test at Defendant's drug testing site on or about October 3, 2022.

41. Despite possessing a medical marijuana card, Plaintiff rarely used prescribed marijuana.

42. In fact, during her employment with Defendant, Plaintiff was not even treating her condition with medical marijuana due to potential discriminatory perceptions.

43. Nonetheless, Defendant subjected Plaintiff to discrimination based on her status as a medical marijuana cardholder and due to her disabilities by abruptly terminating her on or about October 6, 2022.

44. When terminating her employment, Grauch alleged the reason for Plaintiff's termination was because she waited too long to undergo the aforesaid second drug test (discussed further *supra*).

45. Plaintiff's termination was **regardless** of whether her test was positive or negative.

46. As discussed *supra*, Defendant's own drug testing facility gave Plaintiff **until October 7, 2022** to submit to her second drug test and Plaintiff complied with said directive.

47. Grauch further informed Plaintiff that Defendant was "not able to hold [her] position."

48. Rather, Grauch told Plaintiff that she could reapply for her position if she wanted to obtain reemployment by Defendant.

49. Based on Gauch's aforesaid representation, Plaintiff reapplied for her position through Defendant's website after being unlawfully terminated, yet the position remained open on Defendant's website for approximately two (2) to three (3) months following her reapplication.

50. As further evidence of its discriminatory animus, Defendant failed to even contact Plaintiff for an interview to discuss reinstatement or rehiring her after she submitted her aforesaid application.

51. Defendant's reason for Plaintiff's termination is completely pretextual because: (1) Plaintiff was an exemplary employee during her tenure with Defendant; (2) Defendant terminated Plaintiff's employment within weeks of learning of Plaintiff's disabilities (discussed *supra*); (3) Defendant terminated Plaintiff's employment within weeks of learning of Plaintiff's medical marijuana cardholder status; (4) Defendant terminated Plaintiff's employment regardless of whether Plaintiff's drug test was positive or negative; (5) Defendant refused to hold Plaintiff's

position open pending the results of her drug test; and (6) Defendant refused to rehire or reemploy Plaintiff despite applying for and being qualified for the same.

52. Plaintiff believes and therefore avers that Defendant terminated her employment in violation of the ADA, MMA, and Pennsylvania common law.

## COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination; and [2] Failure to Rehire)

53. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54. Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities, including but not limited to, sleeping, eating, and breathing.

55. Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant.

56. Within weeks of disclosing her aforesaid disabilities (discussed *supra*), Defendant abruptly terminated Plaintiff's employment.

57. After Grauch informed Plaintiff that she could reapply for her position, Plaintiff in fact reapplied for her position with Defendant.

58. Despite applying for and being qualified for the position to which she applied (Secondary Operator), Defendant refused to rehire Plaintiff.

59. Based on the foregoing, Plaintiff believes and therefore avers that her [1] actual disabilities; [2] perceived disabilities; and/or [3] record of impairment were motivating or determinative factor[s] in Defendant's decision to terminate her employment.

60. Plaintiff also believes and avers that her [1] actual disabilities; [2] perceived disabilities; and/or [3] record of impairment were motivating or determinative factor[s] in Defendant's decision to not rehire and/or reinstatement Plaintiff after she applied to Defendant following her unlawful termination on October 6, 2023.

61. These actions as aforesaid constitute violations of the ADA.

## COUNT II
## Violations of the Pennsylvania Medical Marijuana Act ("MMA")
### ( 35 P.S. §§ 10231.101, *et seq.*)

62. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

63. Plaintiff has and continues to suffer from "serious medical condition[s]" within the meaning of 35 P.S. § 10231.103.

64. Plaintiff is a qualifying "patient" within the meaning of 35 P.S. § 10231.103.

65. Defendant is an "employer" within the meaning of 35 P.S. § 10231.2103(b).

66. On or about October 6, 2022, Plaintiff was terminated in close temporal proximity to informing Defendant that she was a qualified "patient" under the MMA and held a valid Pennsylvania medical marijuana identification card.

67. Pursuant to 35 P.S. § 10231.2103(b)(1), "No employer may discharge, threaten, refuse to hire or otherwise discriminate or retaliate against an employee . . . solely on the basis of such employee's status as an individual who is certified to use medical marijuana."[2]

---

[2] Several courts have found an **implied** private right of action for violations of a state medical marijuana act that does not explicitly provide for a private right of action where the plaintiff is a qualifying patient under the act, there is no indication of legislative intent to deny a private cause of action, and the private cause of action is not inconsistent with the underlying legislative purposes of the act. *See Palmiter v. Commonwealth Health Sys., Inc.*, No. 19 CV 1315, 2019 WL 7372712, at *10-15 (Pa. Ct. Com. Pl. Nov. 22, 2019); *Noffsinger v. SSC Niantic Operating Co.*, 273 F. Supp. 3d. 326, 340-41 (D. Conn. 2017) (holding legislature intended a private cause of action under Connecticut's Palliative Use of Marijuana Act); *Whitmire v. Wal-Mart Stores Inc.*, 359 F. Supp. 3d 761, 781-82 (D. Ariz. 2019) (following *Noffsinger* to hold there is an implied private cause of action for violations of the Arizona Medical Marijuana Act); *Chance v. Kraft Heinz Foods Co.*, 2018 Del. Super. LEXIS 1773, *9-18 (Del. Super. Ct. 2018) (same regarding

68. Recently, the Eastern District of Pennsylvania issued a decision in which it predicted that, "the Pennsylvania Supreme Court would find that the General Assembly 'intended to create, . . . by implication, a private cause of action' for Section 2103(b)(1) [of the MMA]." *Hudnell v. Thomas Jefferson Univ. Hosps., Inc.*, No. 20-01621, 2020 U.S. Dist. LEXIS 176198, at *15 (E.D. Pa. Sep. 25, 2020).

69. By terminating Plaintiff because she is a qualified "patient" under the MMA, Defendant has violated the law pursuant to 35 P.S. § 10231.2103(b)(1).

## COUNT III
### Common-Law Wrongful Termination
### (Public Policy Violation)

70. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

71. The passage of the Pennsylvania Medical Marijuana Act ("MMA"), 35 P.S. §§10231.101, *et seq.,* made clear that the public policy of the Commonwealth of Pennsylvania is to provide employment and hiring protections for citizens of the state who qualify for the medical use of marijuana and register as qualifying patients with the Department of Health.

72. In providing protections from discriminatory hiring/firing decisions based on the medical use of marijuana, the legislature made clear that the public policy of the state was to ensure that qualified patients were not denied employment opportunities based on their lawful use of medical marijuana for palliative purposes.[3]

---

Delaware's Medical Marijuana Act); *Callaghan v. Fabrics Corp.*, 2017 WL 2321181, at *4-8 (R.I. Super. Ct. 2017) (same regarding Rhode Island's medical marijuana statute).

[3] Pennsylvania courts have recognized the existence of a public policy violation in those instances in which the employee is terminated after he engages in conduct which he is privileged by law to do. *See, e.g.*, *Hodson v. Alpine Manor, Inc.*, 512 F. Supp. 2d 373, 395 (W.D. Pa. 2007) ("[A] recognized facet of public policy may be violated by terminating an employee in retribution for exercising a right protected by a Pennsylvania statute, which, by its plain language, fosters a state public policy.") (citation omitted); *Reitz v. Persing*, 831 F. Supp. 410, 415 (M.D. Pa. 1993) (public policy implicated where termination compromised the employee's First Amendment rights and Pennsylvania

73. Defendant terminated Plaintiff because of her status as a qualified "patient" under the MMA, with a valid Pennsylvania medical marijuana identification card.

74. Defendant's termination of Plaintiff, for engaging in actions she was lawfully permitted to do, violated public policy. *See Palmiter v. Commonwealth Health Sys., Inc.*, No. 19 CV 1315, 2019 WL 7372712, (Lackawanna C.P. Nov. 22, 2019) ("[The plaintiff] has alleged that [the defendants] terminated her employment on January 29, 2019, on the singular ground that she was a certified medical marijuana user. Such a discharge 'implicates a clear mandate of public policy' as declared by the General Assembly in the unambiguous language of 35 P.S. § 10231.2103(b)(1)").

75. These actions as aforesaid constitute violations of the public policy of Pennsylvania.

**COUNT IV**
**Violations of the Pennsylvania Wage Payment and Collection Law ("PWPCL")**
**(43 P.S. 260.3(a)-(b))**

76. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

77. At all times relevant herein, Defendant has and continues to be an employer within the meaning of the Pennsylvania Wage Payment and Collection Law ("PWPCL").

78. Throughout her tenure with Defendant, Plaintiff was employed by Defendant as an "employee" within the meaning of the PWPCL.

79. The PWPCL provides that no covered employers, such as Defendant, may withhold or divert any portion of an employee's wages unless specified within the statute.

---

constitutional rights to free communication of thoughts); *Rettinger v. American Can Co.*, 574 F. Supp. 306, 311 (M.D. Pa. 1983) (employment terminated in retaliation for filing workers' compensation claim); *Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231 (Pa. 1998) (for filing a claim for unemployment benefits).

80. Defendant failed to pay Plaintiff the $1.25 per hour wage differential for forty hours (40) per week from in or about the week of September 3, 2022 through on or about October 6, 2022, which, upon information and belief, she was entitled to under Defendant's policies and pursuant to Defendant's promises/assurances.

81. As a result of Defendant's failure to pay Plaintiff the wages due and owed to her, Defendant has violated the PWPCL and caused Plaintiff to suffer damages in the form of unpaid compensation.

82. These actions as aforesaid constitute unlawful withholding under the PWPCL.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.   Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.   Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: November 28, 2023

## **VERIFICATION**

The undersigned states that the facts in the foregoing Complaint and Jury Demand are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to criminal penalties relating to sworn and unsworn statements.

_____
Alexis Williams

11/27/2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Alexis Williams : CIVIL ACTION
v. :
: NO.
Greene, Tweed & Co., Inc. d/b/a Greene Tweed :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 11/28/2023 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1014 Station Square Blvd, Lansdale, PA 19464__

Address of Defendant: __1684 South Broad Street, PO Box 1307, Lansdale, PA 19466__

Place of Accident, Incident or Transaction: __Defendant's place of business__

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11/28/2023__  _____/s/_____  __ARK2484 / 91538__
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
       *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __11/28/2023__  _____/s/_____  __ARK2484 / 91538__
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WILLLIAMS, ALEXIS

**DEFENDANTS**
GREENE, TWEED & CO., INC. D/B/A GREENE TWEED

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA, PHRA, PA MMA, PA Common Law and PWPCL.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 11/28/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

Print | Save As... | Reset